# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4687 | DATE | NOV. 8, 2001 |
| CASE TITLE | INTERNAT'L STAR REGISTRY OF ILLINOIS, LTD., etc. v. BOWMAN-HAIGHT VENTURES, INC., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment [3-1] is denied. Within one week, counsel for each party shall meet (by telephone or otherwise) to discuss settlement. All discovery is to be completed by February 8, 2002. Each party is limited to two depositions. Status hearing set for December 12, 2001 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | NOV 09 2001 date docketed | 15 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | NOV. 8, 2001 date mailed notice | |
| cw | courtroom deputy's initials | 01 NOV -8 PM 5:06 Date/time received in central Clerk's Office | mqm mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL STAR REGISTRY )
OF ILLINOIS, an Illinois )
corporation, )
 )
                Plaintiff, )
 )
        v.                               )  No. 01 C 4687
 )
BOWMAN-HAIGHT VENTURES, INC., )
a Virginia corporation, )
 )
                Defendant. )

## MEMORANDUM OPINION AND ORDER

This is the second lawsuit that plaintiff International Star Registry of Illinois, Ltd. has brought against defendant Bowman-Haight Ventures, Inc. Both parties are in the business of selling star registrations as a novelty gift. For a fee, they assign a requested name to a star and also provide a certificate and related materials. In the present lawsuit, plaintiff seeks damages for federal claims of unfair competition and trademark infringement and related supplemental state law claims. Plaintiff alleges that it has a service mark and trademark for both International Star Registry and Star Registry. Defendant

allegedly has infringed these marks by:

> a) using "STAR GIFT REGISTRY," "STAR REGISTRY," or "INTERNATIONAL STAR REGISTRY" as a trade name, trademark, or service mark, including on Internet web sites or in printed publications distributed to customers and potential customers of Defendant's services offered and provided in connection with its mark "CELESTIAL REGISTRY;"
>
> b) using the Internet domain name "star-gift-registry.com" or any domain name containing in its second-level domain the words "star" and "registry;" or
>
> c) using the composite phrase "star registry" as a composite or unitary phrase or name in metatags associated with Defendant's Internet web sites.

Amended Complaint ¶ 6. In the present suit, plaintiff seeks damages caused by infringing conduct that occurred during the limited time period of September 15, 1999 through March 13, 2000 (hereinafter the "Specified Time Period"). Defendant has moved for summary judgment on grounds of <u>res judicata</u>.

In 1998, plaintiff made essentially the same allegations against defendant, but not limited to the Specified Time Period and also sought declaratory and injunctive relief. <u>See generally International Star Registry of Illinois v. Bowman-Haight Ventures, Inc.</u>, 1999 WL 300285 (N.D. Ill. May 6, 1999) (No. 98 C 6823). In a counterclaim, defendant challenged the validity of plaintiff's trademark. Prior to completing discovery, defendant made an offer of judgment to plaintiff that was accepted. A judgment dated September 14, 1999 was entered on the

docket on September 16, 1999.¹ Duplicating the language of the offer of judgment, the entered judgment provides:²

> IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiff, International Star Registry of Illinois, Ltd., and against defendant Bowman-Haight Ventures, Inc. in the sum of $100, which sum includes all costs and plaintiff's attorney's fees accrued to this date, and for a permanent injunction in the following:
> Defendant, Bowman-Haight Ventures, Inc. and its officers, agents, servants, employees, attorneys, and any other persons or entities in active concert or participation with defendant who receive actual notice of this order by personal service or otherwise, are permanently enjoined, beginning six months from the date hereof, from the following:
> (a) using "STAR GIFT REGISTRY," "STAR REGISTRY," or "INTERNATIONAL STAR REGISTRY" as a trade name, trademark, or service mark, including on Internet web sites or in printed publications distributed to customers and potential customers of defendant's services offered and provided in connection with its mark "CELESTIAL REGISTRY."
> (b) using the Internet domain name "star-gift-registry.com" or any domain name containing in its second-level domain both the words "star" and "registry."
> (c) using the composite phrase "star registry" as a composite or unitary phrase or name in metatags associated with defendant's Internet web sites.
> IT IS FURTHER ORDERED that judgment is to be taken against defendant and in favor of plaintiff dismissing with prejudice defendant's counterclaim asserted in this action challenging the validity of plaintiff's marks and registrations.

No. 98 C 6823, Docket Entry 30.

---

¹In their present briefs, the parties incorrectly assume the judgment was both dated and entered on September 14, 1999.

²Typographical errors have been corrected.

The judgment does not have any express provision regarding permissible or impermissible conduct during the six-month period before the injunction is effective. Defendant contends that the clear implication is that it was permitted to continue to use the allegedly infringing mark during the Specified Time Period. Alternatively, defendant contends any damages claim for that time period is barred by res judicata because it could have been pursued in the prior lawsuit. Plaintiff contends that any ambiguity in the prior judgment must be construed against defendant and that it should be construed as having no effect on a claim for damages accruing in the Specified Time Period. Defendant further contends that there can be no res judicata effect on a damages claim based on wrongful conduct that occurred after the entry of judgment.

Federal law applies in determining the res judicata or collateral estoppel effect of the prior judgment. Heck v. Humphrey, 512 U.S. 477, 488 n.9 (1994); EEOC v. Harris Chernin, Inc., 10 F.3d 1286, 1289 n.4 (7th Cir. 1993); Teamsters Local 282 Pension Trust Fund v. Angelos, 762 F.2d 522, 525 (7th Cir. 1985). See also Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 307 & nn.6-7 (7th Cir. 1995). A federal judgment has a res judicata effect if there is "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Tice v. American Airlines, Inc., 162 F.3d 966, 970 (7th Cir.

1998), cert. denied, 527 U.S. 1036 (1999); Harris Chernin, 10 F.3d at 1289. In the present case, there is no dispute that the first and third factors are satisfied. The dispute is whether the two cases involve the same cause of action.

The judgment entered in the prior case was based on an offer of judgment from defendant and therefore followed the language drafted by defendant and accepted by plaintiff. Any "[a]mbiguity in an offer of judgment is to be construed against the defendant that makes the offer; a 'plaintiff should not be left in the position of guessing what a court will later hold the offer means.'" Harbor Motor Co. v. Arnell Chevrolet-GEO, Inc., 265 F.3d 638, 647-48 (7th Cir. 2001) (quoting Webb v. James, 147 F.3d 617, 623 (7th Cir. 1998)). "The defendant 'bear[s] the burden of precision.'" Harbor Motor, 265 F.3d at 648 (quoting Gavoni v. Dobbs House, Inc., 164 F.3d 1071, 1076 n.1 (7th Cir. 1999)). Any failure of the defendant to state its intentions with clarity will be at the defendant's own peril. Harbor Motor, 265 F.3d at 648 (quoting Gavoni, 164 F.3d at 1076 (quoting Chambers v. Manning, 169 F.R.D. 5, 8 (D. Conn. 1996))).

The judgment that was entered contains no express statement regarding permissible activity or damages for the period between entry of the judgment and the beginning of injunctive relief six months later. It may be that the most common reason for delaying the effective date of an injunction prohibiting use of a mark is to permit a party to use up, sell off, or otherwise phase out the allegedly infringing material.

If that is what defendant had in mind, it should have included a phase-out provision in its offer of judgment.[3]

It is also possible, as plaintiff suggests, that the Specified Time Period was intended as a time during which the defendant would not be subject to violating the injunction in the event there were some stray uses of the mark. Another possibility is that defendant foresaw some use of the mark during the Specified Time Period, but assumed that plaintiff would not pursue new legal action for such use given the limited time period.[4] The important point is that it is a reasonable possibility that the implicit understanding of the offer of judgment was that it did not reach any decision as to the propriety of defendant's continued use of the allegedly infringing marks during the Specified Time Period. Since that is a reasonable possibility, even if not the most likely, any ambiguity in the judgment's silence must be construed against

---

[3]Even if extrinsic evidence could be considered in construing the meaning of the judgment, defendant offers no evidence that it communicated to plaintiff its understanding that the Specified Time Period was to be a phase-out period during which defendant could continue to use the allegedly infringing marks. No statements were made in court at the time the judgment was entered because plaintiff filed its acceptance of offer and the judgment was entered without there being any appearance in court by either party.

[4]The judgment does not include any finding that use of the marks actually infringed a valid mark of defendant. Both sides represent that they offered/accepted the offer of judgment because it was not worth the fees and expenses to continue to contest the issue. Thus, defendant may have expected that, even without any significant changes in its conduct, plaintiff would not consider it worthwhile to separately pursue an action for any allegedly wrongful conduct during the Specified Time Period.

defendant, the drafter of the judgment's language. The judgment is construed as containing no express or implied provision regarding whether defendant's continued use of the marks during the Specified Time Period constituted unfair competition, trademark infringement, or a violation of Illinois statutory or common law.

Construing the judgment, however, does not complete the analysis. Res judicata bars relitigation of issues that were or could have been raised in the prior action. Rivet v. Regions Bank of La., 522 U.S. 470, 476 (1998) (quoting Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); Doe v. Allied-Signal, Inc., 985 F.2d 908, 913 (7th Cir. 1993); Ohio-Sealy Mattress Manufacturing Co. v. Kaplan, 745 F.2d 441, 452 (7th Cir. 1984), cert. denied, 471 U.S. 1125 (1985). Even if the issue of damages for the Specified Time Period was not resolved by the prior judgment, such a claim could still be precluded if it was or could have been raised in the prior action.[5]

The prior action resolved the question of an injunction covering a time period after the entry of judgment. A lawsuit may also resolve questions of future damages resulting from past

---

[5] If a claim is expressly reserved for possible future litigation, then there would be no res judicata effect. See D&K Properties Crystal Lake v. Mutual Life Insurance Co. of New York, 112 F.3d 257, 259-60 (7th Cir. 1997). No such express reservation was contained in the judgment in the prior case.

conduct, as long as such damages are determinable at the time the suit is resolved and not merely speculative. Kaplan, 745 F.2d at 447-48; Ohio-Sealy Mattress Manufacturing Co. v. Sealy, Inc., 669 F.2d 490, 494 (7th Cir.), cert. denied, 459 U.S. 943 (1982). See also Creek v. Village of Westhaven, 80 F.3d 186, 190 (7th Cir.), cert. denied, 519 U.S. 868 (1996) (holding that the same rule applies under Illinois res judicata law). Where future damages would be speculative and therefore cannot be resolved in an initial proceeding, later suits seeking damages for that time period are not barred by res judicata. Kaplan, 745 F.2d at 448; Sealy, Inc., 669 F.2d at 494. See also Creek, 80 F.3d at 190-91. This is particularly clear when the later damages are caused by additional wrongful conduct that occurs after entry of the prior judgment. Sealy, Inc., 669 F.2d at 494. That is the situation in the present case. Plaintiff does not allege that pre-September 14, 1999 conduct caused damages during the Specified Time Period. Instead, plaintiff alleges that new wrongful conduct occurred during the Specified Time Period. Plaintiff's damages claim that wrongful conduct occurred during the Specified Time Period (including resulting damages that did not come to fruition until after the Specified Time Period) is not barred by res judicata because such a claim could not have been resolved in the prior judgment.

Since the prior judgment did not resolve the question of damages for the Specified Time Period and plaintiff's current

conduct, as long as such damages are determinable at the time the suit is resolved and not merely speculative. Kaplan, 745 F.2d at 447-48; Ohio-Sealy Mattress Manufacturing Co. v. Sealy, Inc., 669 F.2d 490, 494 (7th Cir.), cert. denied, 459 U.S. 943 (1982). See also Creek v. Village of Westhaven, 80 F.3d 186, 190 (7th Cir.), cert. denied, 519 U.S. 868 (1996) (holding that the same rule applies under Illinois res judicata law). Where future damages would be speculative and therefore cannot be resolved in an initial proceeding, later suits seeking damages for that time period are not barred by res judicata. Kaplan, 745 F.2d at 448; Sealy, Inc., 669 F.2d at 494. See also Creek, 80 F.3d at 190-91. This is particularly clear when the later damages are caused by additional wrongful conduct that occurs after entry of the prior judgment. Sealy, Inc., 669 F.2d at 494. That is the situation in the present case. Plaintiff does not allege that pre-September 14, 1999 conduct caused damages during the Specified Time Period. Instead, plaintiff alleges that new wrongful conduct occurred during the Specified Time Period. Plaintiff's damages claim that wrongful conduct occurred during the Specified Time Period (including resulting damages that did not come to fruition until after the Specified Time Period) is not barred by res judicata because such a claim could not have been resolved in the prior judgment.

Since the prior judgment did not resolve the question of damages for the Specified Time Period and plaintiff's current

conduct, as long as such damages are determinable at the time the suit is resolved and not merely speculative. Kaplan, 745 F.2d at 447-48; Ohio-Sealy Mattress Manufacturing Co. v. Sealy, Inc., 669 F.2d 490, 494 (7th Cir.), cert. denied, 459 U.S. 943 (1982). See also Creek v. Village of Westhaven, 80 F.3d 186, 190 (7th Cir.), cert. denied, 519 U.S. 868 (1996) (holding that the same rule applies under Illinois res judicata law). Where future damages would be speculative and therefore cannot be resolved in an initial proceeding, later suits seeking damages for that time period are not barred by res judicata. Kaplan, 745 F.2d at 448; Sealy, Inc., 669 F.2d at 494. See also Creek, 80 F.3d at 190-91. This is particularly clear when the later damages are caused by additional wrongful conduct that occurs after entry of the prior judgment. Sealy, Inc., 669 F.2d at 494. That is the situation in the present case. Plaintiff does not allege that pre-September 14, 1999 conduct caused damages during the Specified Time Period. Instead, plaintiff alleges that new wrongful conduct occurred during the Specified Time Period. Plaintiff's damages claim that wrongful conduct occurred during the Specified Time Period (including resulting damages that did not come to fruition until after the Specified Time Period) is not barred by res judicata because such a claim could not have been resolved in the prior judgment.

Since the prior judgment did not resolve the question of damages for the Specified Time Period and plaintiff's current

claim is not otherwise barred by res judicata, defendant's motion for summary judgment will be denied.

In September 1999, plaintiff made the decision that the costs and risks of litigation did not justify further pursuing damages for prior conduct. Presumably, it is also tenuous whether the alleged damages for the Specified Time Period justify pursuing the present lawsuit. Within one week after receiving today's order, counsel for both parties shall contact each other to discuss the possibility of settlement. If the case is not settled, the parties are to take care to keep discovery costs as low as possible. The time for discovery will be limited to approximately 90 days and each party is limited to taking no more than two depositions.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [3-1] is denied. Within one week, counsel for each party shall meet (by telephone or otherwise) to discuss settlement. All discovery is to be completed by February 8, 2001. Each party is limited to two depositions. Status hearing set for December 12, 2001 at 11:00 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 6, 2001