# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4687 | DATE | JULY 9 , 2003 |
| CASE TITLE | INTERNAT'L STAR REGISTRY OF ILLINOIS, LTD., etc. v. BOWMAN-HAIGHT VENTURES, INC., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment [27] and defendant's motion for partial summary judgment [49] are denied. Plaintiff's prayer for injunctive relief is dismissed without prejudice as moot. In open court on September 10, 2003 at 11:00 a.m., the parties shall present an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | JUL 1 0 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | 70 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | July 9, 2003 | | |
| | | | date mailed notice | | |
| cw | courtroom deputy's initials | | mqm | | |
| | | | mailing initials | | |

U.S. DISTRICT COURT
CLERK
03 JUL -9 PM 4: 33
FILED

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 1 0 2003

INTERNATIONAL STAR REGISTRY )
OF ILLINOIS, LTD., an Illinois )
corporation, )
                     )
         Plaintiff, )
                     )
     v. )     No. 01 C 4687
                     )
BOWMAN-HAIGHT VENTURES, INC., )
a Virginia corporation, )
                     )
         Defendant. )

## MEMORANDUM OPINION AND ORDER

This is the second lawsuit that plaintiff International
Star Registry of Illinois, Ltd. has brought against defendant
Bowman-Haight Ventures, Inc. Both parties are in the business of
selling star registrations as a novelty gift. For a fee, they
assign a requested name to a star and also provide a certificate
and related materials. In the present lawsuit, plaintiff seeks
damages for federal claims of unfair competition and trademark
infringement and related supplemental state law claims.[1]

---

[1]Although the case was removed from state court based on
federal jurisdiction over the federal claims and supplemental
jurisdiction over the state law claims, there is complete
diversity of citizenship. The complaint did not allege the
amount in controversy, but plaintiff presently contends it is
entitled to damages of $90,700, which all occurred in a time
period prior to removal. Therefore, even if the federal claims
were to be dismissed, there would be diversity jurisdiction for
the state law claims because there is complete diversity of
citizenship and the amount in controversy exceeded $75,000.



Plaintiff alleges that it has a service mark and trademark for both International Star Registry and Star Registry. Defendant allegedly has infringed these marks by:

> a) using "STAR GIFT REGISTRY," "STAR REGISTRY," or "INTERNATIONAL STAR REGISTRY" as a trade name, trademark, or service mark, including on Internet web sites or in printed publications distributed to customers and potential customers of Defendant's services offered and provided in connection with its mark "CELESTIAL REGISTRY;"

> b) using the Internet domain name "star-gift-registry.com" or any domain name containing in its second-level domain the works "star" and "registry;" or

> c) using the composite phrase "star registry" as a composite or unitary phrase or name in metatags associated with Defendant's Internet web sites.

Amended Complaint ¶ 6.

Presently, plaintiff contends that defendant engaged in infringing conduct from September 16, 1999 until early January 2000 (the "Disputed Period"). Plaintiff concedes that no infringement thereafter occurred and there is no contention that defendant presently engages in any infringing conduct. Therefore, the claim for injunctive relief is moot and will be dismissed without prejudice. Plaintiff moves for summary judgment on liability and damages in the amount of $90,700 representing gross revenues during the Disputed Period. Defendant has filed a motion that it labels as one for partial summary judgment. However, defendant seeks summary judgment as to all claims for damages. Since damages is the only viable form

of relief that remains, granting defendant's motion would result in dismissal of the entire case.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002); Hilt-Dyson v. City Of Chicago, 282 F.3d 456, 462 (7th Cir.), cert. denied, 123 S. Ct. 97 (2002); Schneiker v. Fortis Insurance Co., 200 F.3d 1055, 1057 (7th Cir. 2000). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Billings v. Madison Metropolitan School District, 259 F.3d 807, 812 (7th Cir. 2001). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844

F.2d 473, 476-77 (7th Cir.), <u>cert. denied</u>, 488 U.S. 852 (1988).
As the Seventh Circuit has summarized:

> The party moving for summary judgment
> carries the initial burden of production to
> identify "those portions of the pleadings,
> depositions, answers to interrogatories, and
> admissions on file, together with the affidavits,
> if any, which it believes demonstrate the absence
> of a genuine issue of material fact." <u>Logan v.
> Commercial Union Ins. Co.</u>, 96 F.3d 971, 978 (7th
> Cir. 1996) (citing <u>Celotex Corp. v. Catrett</u>,
> 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d
> 265 (1986) (citation and internal quotation
> omitted)). The moving party may discharge this
> burden by "'showing'--that is, pointing out to
> the district court--that there is an absence of
> evidence to support the nonmoving party's case."
> <u>Celotex</u>, 477 U.S. at 325, 106 S. Ct. 2548. Once
> the moving party satisfies this burden, the
> nonmovant must "set forth specific facts showing
> that there is a genuine issue for trial." Fed.
> R. Civ. P. 56(e). "The nonmovant must do
> more, however, than demonstrate some factual
> disagreement between the parties; the issue
> must be 'material.'" <u>Logan</u>, 96 F.3d at 978.
> "Irrelevant or unnecessary facts do not preclude
> summary judgment even when they are in dispute."
> <u>Id.</u> (citation omitted). In determining whether
> the nonmovant has identified a "material" issue
> of fact for trial, we are guided by the
> applicable substantive law; "[o]nly disputes that
> could affect the outcome of the suit under
> governing law will properly preclude the entry of
> summary judgment." <u>McGinn v. Burlington Northern
> R.R. Co.</u>, 102 F.3d 295, 298 (7th Cir. 1996)
> (citation omitted). Furthermore, a factual
> dispute is "genuine" for summary judgment
> purposes only when there is "sufficient evidence
> favoring the nonmoving party for a jury to return
> a verdict for that party." <u>Anderson v. Liberty
> Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505,
> 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical
> doubt" regarding the existence of a genuine fact
> issue is not enough to stave off summary
> judgment, and "the nonmovant fails to demonstrate
> a genuine issue for trial 'where the record taken
> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"

> Logan, 96 F.3d at 978 (quoting Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

Outlaw, 259 F.3d at 837.

Plaintiff's motion will be considered first.  On the issue of liability, plaintiff does not attempt to prove liability by showing uncontested evidence of infringement or unfair competition.  Instead, plaintiff contends that the judgment entered in the parties' first lawsuit[2] establishes liability during the Disputed Period.  Plaintiff relies on theories of preclusion.  Plaintiff, however, fails to recognize distinctions between res judicata (claim preclusion) and collateral estoppel (issue preclusion).  For the reasons explained below, plaintiff is not entitled to summary judgment on liability, which makes it unnecessary to consider the damages aspect of plaintiff's motion.

In the first lawsuit, a judgment was entered based on plaintiff's acceptance of defendant's offer of judgment.  This judgment resolved all damages issues for the time period up to the September 16, 1999 entry of judgment.  It also provided for a permanent injunction enjoining defendant from using certain names or marks beginning six months after the entry of judgment, that is beginning March 16, 2000.  The judgement contained no express

---

[2]The first lawsuit is International Star Registry of Ill. v. Bowman-Haight Ventures, Inc., No. 98 C 6823 (N.D. Ill.). See generally International Star Registry of Ill. v. Bowman-Haight Ventures, Inc., 1999 WL 300285 (N.D. Ill. May 6, 1999).

provisions regarding conduct during the time period between the entry of judgment and the effective date of the injunction (the "Specified Time Period"), which includes the Disputed Period. The judgment also dismissed defendant's counterclaim with prejudice. There is no present contention nor any evidence that defendant violated the injunction after its effective date.

The judgment, which tracked the language of the offer of judgment, provides in its entirety:[3]

> IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiff, International Star Registry of Illinois, Ltd., and against defendant Bowman-Haight Ventures, Inc. in the sum of $100, which sum includes all costs and plaintiff's attorney's fees accrued to this date, and for a permanent injunction in the following:
> Defendant, Bowman-Haight Ventures, Inc. and its officers, agents, servants, employees, attorneys, and any other persons or entities in active concert or participation with defendant who receive actual notice of this order by personal service or otherwise, are permanently enjoined, beginning six months from the date hereof, from the following:
> (a) using "STAR GIFT REGISTRY," "STAR REGISTRY," or "INTERNATIONAL STAR REGISTRY" as a trade name, trademark, or service mark, including on Internet web sites or in printed publications distributed to customers and potential customers of defendant's services offered and provided in connection with its mark "CELESTIAL REGISTRY."
> (b) using the Internet domain name "star-gift-registry.com" or any domain name containing in its second-level domain both the words "star" and "registry."
> (c) using the composite phrase "star registry" as a composite or unitary phrase or name in metatags associated with defendant's Internet web sites.

---

[3]Typographical errors have been corrected.

- 6 -

> IT IS FURTHER ORDERED that judgment is to be
> taken against defendant and in favor of plaintiff
> dismissing with prejudice defendant's
> counterclaim asserted in this action challenging
> the validity of plaintiff's marks and
> registrations.

No. 98 C 6823, Docket Entry 30.

Shortly after the present lawsuit was removed to federal court, defendant moved for summary judgment on the ground that plaintiff's present claims were barred by res judicata. Applying the rule that an offer of judgment must be construed against the offering party, it was concluded that the "judgment is construed as containing no express or implied provision regarding whether defendant's continued use of the marks during the Specified Time Period constituted unfair competition, trademark infringement, or a violation of Illinois statutory or common law." International Star Registry of Ill. v. Bowman-Haight Ventures, Inc., 2001 WL 1403004 *3 (N.D. Ill. Nov. 9, 2001) ("Star II"). It was also held that res judicata did not apply based on the present claims being ones that were or could have been brought in the prior action. See id. Plaintiff now contends that the prior judgment establishes that defendant's continued use of the marks during the Disputed Period constitutes unlawful conduct. Plaintiff particularly relies upon the dismissal of defendant's counterclaim with prejudice. In making its argument, plaintiff fails to distinguish res judicata from collateral estoppel.

Federal law applies as to the res judicata and collateral estoppel effect of the prior judgment, which was entered in a federal case. Star II, 2001 WL 1403004 at *2. "A federal judgment has a res judicata effect if there is '(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" Id. (quoting Tice v. American Airlines, Inc., 162 F.3d 966, 970 (7th Cir. 1998), cert. denied, 527 U.S. 1036 (1999)). "A federal judgment has a collateral estoppel effect if '(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action.'" Sphere Drake Insurance Ltd. v. All American Life Insurance Co., 221 F. Supp. 2d 874, 881 (N.D. Ill. 2002) (quoting Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 307 (7th Cir. 1995)).

Plaintiff contends that any ambiguity in the judgment must be construed against defendant, which drafted the offer of judgment that is the basis for the judgment that was entered. See Star II, 2001 WL 1403004 at *2. Plaintiff contends that the prohibitions contained in the injunctive part of the judgment should be read as establishing that such conduct is unlawful and therefore committing such conduct during the Specified Time

Period would necessarily be unlawful even thought the judgment is otherwise silent as to prohibiting such conduct during the specified time period. Such a reading, however, would be at least facially inconsistent with the judgment expressly providing that the injunction did not go into effect until six months after the entry of judgment. Arguably, though, it is not inconsistent because the conduct being unlawful is not the same as being enjoined in that it would not be contemptuous conduct during the Specified Time Period as it would be once the injunction is in effect. Still, the judgment itself cannot reasonably be read as prohibiting the stated conduct during the Specified Time Period. As previously held, the judgment cannot be read as directly prohibiting the conduct during the Specified Time Period. <u>See id.</u> at *3. Instead, plaintiff must show that <u>res judicata</u> or collateral estoppel applies to produce such a result.

The contention that the injunctive relief granted establishes the unlawfulness of the conduct is a collateral estoppel argument. Plaintiff is arguing that, because the conduct has been established as being unlawful, defendant is precluded from contending otherwise in future litigation, that is, the issue has been established for future litigation. The problem with this contention is that a judgment based on an offer of judgment has no collateral estoppel effect unless it contains a clear provision to that effect. The reason for this is that the actually litigated requirement of collateral estoppel is not

satisfied in a case resolved by an offer of judgment.  In re
Consolidated Medical Transport, Inc., 280 B.R. 633, 639-40
(Bankr. N.D. Ill. 2002).  It is well established that, for this
same reason, settlements have no collateral estoppel effect
unless the parties are clear that it is intended to have such an
effect.  See Archer v. Warner, 123 S. Ct. 1462, 1468 (2003)
(quoting Arizona v. California, 530 U.S. 392, 414 (2000)).  This
same rule also applies to consent judgments, which themselves are
based on settlements between the parties.  Arizona, supra; People
Who Care v. Rockford Board of Education, 68 F.3d 172, 178 (7th
Cir. 1995); La Preferida, Inc. v. Cerveceria Modelo, S.A. de
C.V., 914 F.2d 900, 906 (7th Cir. 1990).  See also In re Cassidy,
892 F.3d 637, 640 n.1 (7th Cir.), cert. denied, 498 U.S. 812
(1990).  Since an offer of judgment is also based on a settlement
between the parties and does not involve resolution of the issues
through actual litigation, the same rule applies to offers of
judgment.  Consolidated Medical, supra.  Plaintiff cannot rely on
any collateral estoppel effect of the prior judgment.

     Plaintiff's reliance on res judicata is no more
successful.  As was already held in Star II, 2001 WL 1403004
at *3, the res judicata requirement of identity of the cause of
action is not satisfied as regards the Specified Time Period.[4]

---

     [4]Even if the identity of cause of action requirement were
found to be satisfied, plaintiff would not benefit.  If that
requirement were satisfied, then plaintiff's claim itself would
be barred by res judicata.  See Star II, 2001 WL 1403004 at *3.

Moreover, it must be recognized that plaintiff is attempting to preclude a defense and that the preclusion rules as regards defenses are not always clear. See Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 4414 at 344-351 (2d ed. 2002). It is clear, however, "that in successive actions growing out of different transactions, the defendant is free to raise defenses that were equally available but omitted from the first action." Id. at 346. Here, the prior action included a counterclaim by defendant for cancellation of plaintiff's registrations. The prior judgment dismissed that claim with prejudice. Plaintiff contends this precludes defendant from raising defenses based on the same grounds. Again, as discussed in Star II, the prior judgment did not resolve the claims as regards the Specified Time Period. Therefore, there is no identity of the cause of action. Additionally, permitting defendant to raise the defenses in the present case would not undermine the prior judgment that was entered. Cf. Federal Practice § 4414 at 348; United States ex rel. Treat Brothers Co. v. Fidelity & Deposit Co. of Md., 986 F.2d 1110, 1114-15 (7th Cir. 1993). The defenses will go only to liability during the Specified Time Period; they will not prevent the continued enforceability of the injunction since March 16, 2000 and into the future.

Since plaintiff has not presented undisputed facts showing that defendant committed any unlawful conduct during the

Disputed Period, plaintiff's motion for summary judgment will be
denied.

Still to be considered is defendant's motion for summary
judgment. Defendant raises a few different grounds for holding
that plaintiff is not entitled to any damages. Defendant
contends that no damages could have resulted from its use of
"star registry" in the metatags[5] for its websites because using
star and registry separated in a metatag (which it contends could
not possibly be wrongful conduct) would have produced the same
results when a person conducted an Internet search for "star
registry." Defendant contends that absent a showing of a causal
relationship between the allegedly improper use of the marks and
defendant's revenues or profits, plaintiff cannot obtain damages
in the form of defendant's revenues or profits. Alternatively,
defendant contends that even if slight harm can be shown, it
would be inappropriate to award damages based on revenues or
profits absent a showing of intentional or flagrant infringement.

---

[5]"Metatags are HTML [HyperText Markup Language] code
intended to describe the contents of the web site. There are
different types of metatags, but those of principal concern to us
are the 'description' and 'keyword' metatags. The description
metatags are intended to describe the web site; the keyword
metatags, at least in theory, contain keywords relating to the
contents of the web site. The more often a term appears in the
metatags and in the text of the web page, the more likely it is
that the web page will be 'hit' in a search for that keyword
and the higher on the list of 'hits' the web page will appear."
Promatek Industries, Ltd. v. Equitrac Corp., 300 F.3d 808, 810
n.1 (7th Cir. 2002) (quoting Brookfield Communications, Inc. v.
West Coast Entertainment Corp., 174 F.3d 1036, 1045 (9th Cir.
1999)).

Defendant contends the evidence undisputedly shows that the continued use of the marks during the Disputed Period did not constitute intentional infringement or flagrant infringement. Defendant also contends that, where the infringer's challenged conduct has already ceased and an injunction is in place, it is inappropriate to permit an accounting of profits as a form of relief. For purposes of the summary judgment motion, defendant accepts as true that its use of the terms "international star registry" or "star registry" on its website or in publications would infringe plaintiff's marks.[6]

Initially, it is noted that defendant's arguments go only to the federal claims in the First Amended Complaint. Defendant makes no argument regarding whether the same contentions would apply to the state statutory and common law claims that are also contained in the First Amended Complaint. Thus, even if defendant's present contentions were held to be meritorious, the state law claims would remain for resolution.

A key factual basis of defendant's motion lacks support and is contradicted by evidence presented by plaintiff. Relying

---

[6]In the factual recitation of the brief in support of its summary judgment motion, defendant makes references to "star registry" alone being unprotected because descriptive or generic. See Def. Memo. Supporting Partial Sum. Jdgmt. at 6-7. However, the argument portion of the brief contains no legal argument supporting this reference. See id. at 11-15. For purposes of defendant's summary judgment motion, it must be taken as true that defendant's uses of the terms "star registry" and "star-gift-registry.com" on its website and in publications infringed plaintiff's marks.

on a letter written by one of its attorneys, defendant contends that separating star and registry in its metatags would produce the same Internet search results as using the composite phrase "star registry" in its website metatags. The cited evidence is deficient for two reasons. The factual contentions about Internet searches are not contained in the attorney's affidavit; it is only in a letter attached to the declaration. Therefore, it is hearsay. Moreover, the attorney's declaration does not establish his qualifications to testify regarding Internet searches. But even if the attorney's statements were to be given some credence, plaintiff has presented contrary evidence which must be assumed to be true for purposes of summary judgment. Plaintiff presents the affidavit of Rocky Mosele, its Director of Marketing, who establishes that he has an "advanced HTML scripting certificate" as well as an understanding and experience with Internet search engines. Defendant does not contest Mosele's qualifications. Mosele's affidavit supports that using "star registry" as a composite phrase in a metatag will generally produce a higher ranking when an Internet user searches for "star registry" than if the metatag used star and registry separately. Thus, contrary to defendant's contention, undisputed facts do not show that its use of "star registry" in metatags on its website during the Disputed Period attracted no more business than if it had used star and registry separately.

For purposes of summary judgment, it cannot be assumed that defendant's infringing conduct during the Disputed Period had no or little positive effect on defendant's sales. Also, contrary to defendant's contention, there is no absolute requirement that an intentional violation be shown in order to award profits.[7] Sands, Taylor & Wood Co. v. Quaker Oats Co., 978 F.2d 947, 961-63 (7th Cir. 1992), cert. denied, 507 U.S. 1042 (1993). Instead, the decision as to whether to award profits is within the discretion to the trial court to be determined in light of all the facts and circumstances of the case, including evidence of the wrongful conduct, damages or injury caused, and any intentional or bad faith conduct of the defendant. See id.; Sands, Taylor & Wood v. Quaker Oats Co., 34 F.3d 1340, 1348-50 (7th Cir. 1994). The evidence and arguments before the court are insufficient to conclude that plaintiff cannot recover any damages. Therefore, defendant's grounds for summary judgment fail.

This is still a case in which fees and costs may eventually be greater than the damages that are at stake. While the two summary judgment motions were being briefed, the court permitted numerous and lengthy extensions of time so that the parties would have the opportunity to settle this case. Nevertheless, they were unable to settle the case. The final

---

[7]No opinion is expressed regarding whether undisputed evidence shows any violation was not intentional or in bad faith.

pretrial order is to be presented on September 10, 2003. If the parties want to avoid the costs of preparing the final pretrial order, they must settle before that date. No extensions of the final pretrial order date will be granted.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment [27] and defendant's motion for partial summary judgment [49] are denied. Plaintiff's prayer for injunctive relief is dismissed without prejudice as moot. In open court on September 10, 2003 at 11:00 a.m., the parties shall present an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: JULY *9* , 2003